UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **FREDRICKA WRIGHT** | **CASE NO. 3:20-CV-00098** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **UNITED PARCEL SERVICE, INC. (OHIO), ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, are two coextensive motions to dismiss for failure to state a claim upon which relief can be granted -- one filed by defendant Chris Dickens [doc. # 14], and the other filed by defendant Keith McCarty [doc. # 21]. The motions are opposed. For reasons detailed below, it is recommended that the motions be GRANTED.

## Background

On December 27, 2019, Fredricka Wright filed the instant petition for damages in the Fourth Judicial District Court for the Parish of Ouachita, State of Louisiana against her former employer, United Parcel Service, Inc. (Ohio) ("UPS"); UPS's unknown liability insurer, XYZ Insurance Company; and several UPS employees, Tyler Burns; Edward Small; Wilfred Edwards; Chris Dickens; and Keith McCarty. (Petition). Wright alleged, *inter alia,* that she was a union member, and that UPS had violated the terms of a collective bargaining agreement ("CBA") when it discharged her from employment in October 2017. *Id.*[1]

On January 21, 2020, defendants, UPS, Edward Small, and Tyler Burns, removed this suit to federal court on the basis of federal question jurisdiction, 28 U.S.C. § 1331, via complete

---

[1] Wright filed a prior suit in this court against UPS on January 16, 2019, in which she asserted claims for age discrimination, sex discrimination, and hostile work environment. *Wright v. United Parcel Service, Inc. (Ohio)*, No. 19-0057 (W.D. La.) ("*Wright I*"). The court dismissed the suit on March 27, 2020. *Id.*, [doc. #s 104-105].

preemption of plaintiff's claims against UPS under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 ("LMRA"). (Notice of Removal). Plaintiff did not contest removal or this court's subject matter jurisdiction, and instead, on January 30, 2020, filed a motion for leave to amend her complaint to clarify and specify additional facts to support her theories of law, to add an additional state law claim, and to join a party, Clay Burroughs. [doc. # 6]. On February 26, 2020, the court granted plaintiff's motion and permitted the proposed pleading to be filed. [doc. #s 17 & 18].

Once filed, "[a]n amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (citing *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir.1985)). Here, plaintiff's amended complaint recites the allegations from her original complaint and does not otherwise refer to or incorporate the prior pleading. Accordingly, the amended complaint [doc. # 18] is the operative pleading for purposes of the pending motions. *See* discussion, *infra*.[2]

Meanwhile, on February 5, 2020, defendant Chris Dickens, filed the instant motion to dismiss for failure to state a claim upon which relief can be granted. In addition to arguing that plaintiff failed to set forth specific facts to plausibly support her claims, Dickens further asserted that plaintiff's claims were time-barred. In closing, he also requested an award of attorneys' fees, costs, and all other relief to which he was entitled.

On February 28, 2020, defendant Keith McCarty filed his own motion to dismiss, which closely tracked the motion filed by Dickens.

---

[2] The court may consider a motion to dismiss as being addressed to the amended pleading. *Rountree v. Dyson*, 892 F.3d 681, 683–84 (5th Cir.2018), *cert. denied*, 2018 WL 4385808 (Dec. 3, 2018).

Plaintiff filed materially identical oppositions to the motions to dismiss on February 27 and March 23, 2020. [doc. #s 20 & 26]. Movants filed reply briefs on March 4 and 30, 2020. [doc. #s 23 & 27]. Thus, the matter is ripe.

## 12(b)(6) Standard of Review

The Federal Rules of Civil Procedure sanction dismissal where the plaintiff fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). A pleading states a claim for relief when, *inter alia*, it contains a "short and plain statement . . . showing that the pleader is entitled to relief . . ." Fed.R.Civ.P. 8(a)(2).

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007)). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. *Plausibility* does not equate to *possibility* or *probability*; it lies somewhere in between. *See Iqbal, supra*. Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *See Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra* (citation omitted). A well-pleaded complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable, and that recovery is unlikely. *Twombly, supra*. Furthermore, "[t]he notice pleading requirements of Federal Rule of Civil Procedure 8 and case law do not require an inordinate amount of detail or precision." *Gilbert v. Outback Steakhouse of Florida Inc.*, 295 Fed. Appx. 710, 713 (5th Cir. Oct. 10, 2008) (citations

3

and internal quotation marks omitted). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (quoting *Bell Atl.*, 127 S. Ct. at 1958). The complaint need not even "correctly specify the legal theory" giving rise to the claim for relief. *Gilbert, supra*.[3] Although the court must accept as true all factual allegations set forth in the complaint, the same presumption does not extend to legal conclusions. *Iqbal, supra*. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id.* In addition, a court is compelled to dismiss an otherwise well-pleaded claim if it is premised upon an invalid legal theory. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Rule 9(b) requires that circumstances constituting fraud or mistake be alleged with particularity. Fed.R.Civ.P. 9(b). The particularity demanded by Rule 9(b) supplements Rule 8(a)'s pleading requirement. *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 185 (5th Cir. 2009). Allegations of fraud under Louisiana law asserted in federal court implicate the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). *Unimobil 84, Inc. v. Spurney*, 797 F.2d 214, 217 (5th Cir. 1986); *Conerly Corp. v. Regions Bank*, 2008 WL 4975080 (E.D. La. Nov. 20, 2008). However, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed.R.Civ.P. 9(b). What constitutes sufficient particularity for Rule 9(b) varies with the facts of each case. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 288 (5th Cir. 1992). At minimum, however, Rule 9(b) requires a plaintiff pleading fraud to "to specify the statements contended to be fraudulent, identify the speaker, state when

---

[3] "Courts must focus on the substance of the relief sought and the allegations pleaded, not on the label used." *Gearlds v. Entergy Servs., Inc.*, 709 F.3d 448, 452 (5th Cir. 2013) (citations omitted).

and where the statements were made, and explain why the statements were fraudulent." *Herrmann Holdings Ltd. v. Lucent Technologies Inc.*, 302 F.3d 552, 564-565 (5th Cir. 2002) (quoted sources and internal quotation marks omitted). Nonetheless, the "'time, place, contents, and identity' standard is not a straitjacket for Rule 9(b)." *Grubbs*, 565 F.3d at 190.

When considering a motion to dismiss, courts generally are limited to the complaint and its proper attachments. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citation omitted). However, courts may rely upon "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice" – including public records. *Dorsey, supra*; *Norris v. Hearst Trust*, 500 F.3d 454, 461 n9 (5th Cir. 2007) (citation omitted) (proper to take judicial notice of matters of public record). Furthermore, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [its] claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-499 (5th Cir. 2000) (citations and internal quotation marks omitted).

## **Analysis**

In her complaint, as amended, plaintiff alleged that McCarty conducted an investigation into her discharge. (Amend. Compl., ¶ 4). Pursuant to the investigation, a meeting was held and those present, including Burns, Small, Dickens, Edwards, and McCarty "determined that Plaintiff's Training Packet had not been completed." *Id*. Plaintiff further alleged that the "training packet [was] not a truthful and accurate document." *Id*., ¶ 8. She added that all of the individual defendants who were at the meeting upheld Tyler Burns' decision to terminate her employment, even though they knew that the discharge violated the CBA and the "Code of Conduct." *Id*., ¶ 14. Although Tyler Burns had authority to alter the time records, plaintiff did not know who drafted the "Employee Profile Form with the September 12, 2017, alleged training dates . . ." *Id*.

In her response to Dickens' motion to dismiss, plaintiff admitted that

> [t]he only information that WRIGHT has about CHRIS DICKENS is the fact that he did not discipline TYLER BURNS as a result of the inaccurate, false documents contained in the disclosures and that he was a part of the meeting wherein Wright's reinstatement was discussed. Wright is unsure what role CHRIS DICKENS played in terminating her employment as discovery has not commenced.

(Pl. Opp. Memo., pg. 2).

As to McCarty, plaintiff stated only that he "conducted the investigation and participated in the meeting regarding [her] termination." (Pl. Opp. Memo., pg. 2).

Plaintiff detailed four ostensible claims against Dickens and McCarty: fraud, tortious interference with contract, defamation of character, and intentional infliction of emotional distress. (Pl. Opp. Memos., pg. 1). She also alleged that there was a civil conspiracy. The court will address each potential claim, in turn.[4]

## I. Fraud

Under Louisiana law,[5] the elements of a claim for delictual fraud or intentional misrepresentation include: "(a) a misrepresentation of a material fact, (b) made with the intent to deceive, and (c) causing justifiable reliance with resultant injury." *Guidry v. Tobacco Co., Inc.*, 188 F.3d 619, 627 (5th Cir. 1999) (citations omitted). However, the plaintiff must have been the person who reasonably or justifiably relied on the misrepresentation of fact. *Schaumburg v. State Farm Mut. Auto. Ins. Co.*, 421 Fed. Appx. 434, 442 (5th Cir.2011) (citation

---

[4] Because the court ultimately finds that plaintiff fails to state a claim for relief on the merits of her claims, *see* discussion, *infra*, the court does not reach defendants' alternative argument that her claims are time-barred.

[5] Here, neither side contests that the substantive issues raised by defendants' motions are governed by Louisiana law. *See In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 206 (5th Cir. 2007) (deferring to the parties' agreement that Louisiana substantive law controlled); *Jefferson v. Lead Indus. Ass'n*, 106 F.3d 1245, 1250 (5th Cir. La. 1997) (applied Louisiana law where no party disputed that Louisiana law governed).

omitted); *see also Currier v. Entergy Servs., Inc.*, No. 11-2208, 2014 WL 1093687, at *10 (E.D. La. Mar. 14, 2014).

Here, the amended complaint does not set forth any facts to show that Dickens or McCarty made any misrepresentations of material fact *to plaintiff* that *she* reasonably relied upon. To the contrary, she "has always maintained that she earned more than 30 working days" as required to be covered by the CBA. (Amend. Compl., ¶ 6). Accordingly, this claim fails. *See Currier, supra*.

## II. Tortious Interference with Contract

The Louisiana Supreme Court has adopted "a very narrow cause of action for tortious interference with contracts." *American Waste & Pollution Control Co. v. Browning-Ferris, Inc.*, 949 F.2d 1384, 1386 (5th Cir. 1991) (citing *9 to 5 Fashions, Inc. v. Spurney*, 538 So.2d 228 (La. 1989)). In *9 to 5 Fashions*, the Louisiana Supreme Court recognized "only a *corporate officer's* duty to refrain from intentional and unjustified interference with the contractual relation between his employer and a third person and disavowed any intention to adopt whole and undigested the fully expanded common law doctrine of interference with contract." *Huffmaster v. Exxon Co.*, 170 F.3d 499, 504 (5th Cir.1999) (emphasis added).

The elements of such a claim include:

> (1) the existence of a contract or a legally protected interest between the plaintiff and the corporation; (2) the corporate officer's knowledge of the contract; (3) the officer's intentional inducement or causation of the corporation to breach the contract or his intentional rendition of its performance impossible or more burdensome; (4) absence of justification on the part of the officer; (5) causation of damages to the plaintiff by the breach of contract or difficulty of its performance brought about by the officer.

*Sierra v. Halliburton Energy Servs., Inc.*, No. 17-1002, 2018 WL 3763130, at *5 (W.D. La. Aug. 8, 2018).

Here, however, plaintiff alleged that McCarty was UPS's human resources manager – not

a corporate officer. (Amend. Compl., Facts, ¶ 1). Likewise, she acknowledged that she was unable to allege that Dickens was a corporate officer. *See* Pl. Opp. Memo., pg. 7. Plaintiff instead cited a Louisiana appellate court decision, which extended the intentional interference with contact cause of action to a member of a corporation's board of directors on the grounds that, like a corporate officer, the board member owed a fiduciary duty to his/her corporation. *Commc'n & Info. Res., Inc. v. Expressions Acquisition Corp.*, 675 So.2d 1164, 1168 (La. App. 5th Cir. 1996).

Even so, Wright still has not alleged any facts to support a finding that McCarty or Dickens were members of the board of directors for UPS, or that they owed UPS a fiduciary duty. Accordingly, *Commc'n & Info. Res., Inc. v. Expressions Acquisition Corp.*, proves unavailing, and plaintiff's claim for intentional interference with contract necessarily falters.

### III. Defamation

Under Louisiana law, a cause of action for defamation is comprised of four elements: "(1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault (negligence or greater) on the part of the publisher; and (4) resulting injury." *Costello v. Hardy*, 864 So. 2d 129, 139-40 (La. 2004) (citations omitted). If but one of the required elements of the tort is absent, the cause of action fails. *Id*. Furthermore, "[a] plaintiff in a defamation suit must name the individual offenders and allege separate acts of defamation as to each, including specific defamatory statements." *Clulee v. St. Pierre*, 142 So. 3d 83, 86-87 (La. App. 5th Cir. 2014) (citation omitted).

Here, Wright did not identify any specific defamatory statements uttered by Dickens and/or McCarty to a third-party. Furthermore, publication contemplates a "*nonprivileged* communication of defamatory words, written or oral . . ." *Doe v. Grant*, 839 So. 2d 408, 416

(La. App. 4th Cir. 2001) (citations omitted) (emphasis added). "[S]tatements between employees, made within the course and scope of their employment, are not statements communicated or publicized to third persons so as to constitute a publication." *Id.*

In sum, if anything, the amended complaint suggests that any unspecified statements uttered by Dickens and/or McCarty were made in the course and scope of their employment with UPS. Therefore, even if plaintiff had pleaded specific statements, they remain unactionable.

## IV.     Intentional Infliction of Emotional Distress

In defining conduct which is prohibited by the tort of intentional infliction of emotional distress ("IIED"), the Supreme Court stated that,

> [t]he conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community. Liability does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities. Persons must necessarily be expected to be hardened to a certain amount of rough language, and to occasional acts that are definitely inconsiderate and unkind. Not every verbal encounter may be converted into a tort; on the contrary, some safety valve must be left through which irascible tempers may blow off relatively harmless steam . . .

*White v. Monsanto, Co.*, 585 So.2d 1205, 1209 (La. 1991) (citations omitted). Further, "[c]onduct which is merely tortious or illegal does not rise to the level of being extreme and outrageous for purposes of the tort of intentional infliction of emotional distress." *Schmidt v. Cal-Dive Int'l, Inc.*, 240 F. Supp.3d 532, 552 (W.D. La.2017) (*citing Nicholas v. Allstate Ins. Co.*, 765 So.2d 1017, 1024-25 (La. 2000)).

Here, plaintiff's amended complaint suggests that the individual defendants colluded and wrongfully determined that she did not complete the 30-day working period for coverage under the CBA. It is manifest, however, that the foregoing allegation, or derivations thereof, does not suffice to confer a plausible IIED claim. *See Jenkins v. Louisiana Workforce Comm'n*, 713 Fed.

9

Appx. 242, 246 (5th Cir.2017) (IIED claim dismissed on 12(b)(6) motion where the employee alleged her supervisory authority was undermined, that she was passed over for a promotion, and her supervisors discussed an "inappropriate case note" with her); *Deus v. Allstate Ins. Co.*, 15 F.3d 506, 515 (5th Cir.1994) (no actionable IIED claim where an employer calls upon an employee to do more work than other employees, uses special reviews on a particular employee and not on others to downgrade her performance, and institutes long-range company plans to replace the employee); *Nicholas v. Allstate Ins. Co.*, 765 So.2d 1017, 1028 (La. 2000) (employer's arbitrary and compassionless decision to single employee out from his peers for corrective review does not support IIED claim); *Currier, supra* (misrepresentations in investigator's report that played a role in the company's determination that plaintiff was unfit to work did not state an IIED claim).

Accordingly, this claim too fails.

**V.      Civil Conspiracy**

In Louisiana, civil conspiracy is not itself an actionable tort. *Doe v. Mckesson*, 922 F.3d 604, 610 (5th Cir.2019) (citation omitted). Instead, liability is imposed via the underlying unlawful act. *Id*. Thus, to impose liability for a civil conspiracy, plaintiff must prove that "(1) an agreement existed with one or more persons to commit an illegal or tortious act; (2) the act was actually committed; (3) the act resulted in plaintiff's injury; and (4) there was an agreement as to the intended outcome or result." *Id*. Conspiracy may be inferred from the knowledge of an alleged co-conspirator of the impropriety of the actions of the other co-conspirators. *Id*.

In this case, plaintiff has not established a viable underlying cause of action/actionable tort against the individual defendants. *See* discussion, *supra*. Thus, she does not enjoy a claim for civil conspiracy. Even if she did, she has not alleged facts to indicate that there was an

10

agreement between Dickens, McCarty, and/or any other defendant to commit an illegal or tortious act.

## Amendment

Ordinarily, the court should accord plaintiff an opportunity to amend her complaint to state a claim for relief. Here, however, plaintiff already has amended her complaint once. Moreover, she plainly represented that she was relying on anticipated discovery in this case to provide her with facts to support her claims. Therefore, further opportunity to amend at this juncture would prove unavailing.

Nonetheless, because the instant report and recommendation will dispose of less than all claims and parties, it is not a final judgment (even if denominated as a dismissal with prejudice, see below) and therefore remains subject to revision at any time before conclusion of the case. Fed.R.Civ.P. 54(b). Thus, plaintiff remains at liberty to seek leave of court to amend her complaint to revisit the present issues – if and when she uncovers facts sufficient to support her claim(s) against Dickens and McCarty.[6]

In the interim, and insofar as the rationale of the instant report and recommendation may be extended to any of the other individual defendants who have yet to file responsive pleadings, it likely would behoove all parties, and the court, if plaintiff were to voluntarily dismiss her claims against those parties, without prejudice.

## Fees, Costs, and Other Relief

In the closing sentence of their memoranda, defendants requested an award of attorneys'

---

[6] It goes without saying that plaintiff may not dither in her discovery efforts.

11

fees, costs, and any other relief to which they are entitled. However, defendants did not expound upon this argument or otherwise provide any support for it. Accordingly, defendants' request is denied.

## Conclusion

For the above-assigned reasons,

IT IS RECOMMENDED that the motions to dismiss for failure to state a claim upon which relief can be granted [doc. #s 14 & 21] be GRANTED, and that plaintiff's claims against defendants Chris Dickens and Keith McCarty be DISMISSED, WITH PREJUDICE.

IT IS FURTHER RECOMMENDED that movants' requests for an award of fees, costs, and other relief [doc. #s 14 & 21] be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, on this 2nd day of April, 2020.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE