UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **FREDRICKA WRIGHT** | **CIVIL ACTION NO: 3:20-cv-00098** |
| **VERSUS** | **DISTRICT JUDGE TERRY A. DOUGHTY** |
| **UNITED PARCEL SERVICE, INC. (OHIO), ET AL** | **MAGISTRATE JUDGE KAREN HAYES** |

### RULING

Before the Court is a Motion for Judgment on the Pleadings [Doc. No. 36] filed by Defendants Tyler Burns ("Burns") and Edward Small ("Small"). A Memorandum in Opposition [Doc. No. 39] by Plaintiff Fredricka Wright ("Wright") was filed on May 12, 2020. A Reply [Doc. No. 40] was filed by Burns and Small on May 19, 2020. For the reasons set forth herein, the Motion for Judgment on the Pleadings is GRANTED.

**I. BACKGROUND**

On December 27, 2019, Wright filed the instant Petition for Damages in the Fourth Judicial District Court, Ouachita Parish, Louisiana, against the United Parcel Service Co., Inc. (Ohio), ("UPS"), and several UPS employees, Burns, Small, Wilford Edwards, Chris Dickens, and Keith McCarty. The basic allegations against all of the Defendants were that Wright worked for more than thirty days and therefore became a union member subject to the terms of a collective bargaining agreement. Wright alleged that all of the Defendants committed various tortious actions to prohibit her from becoming a union member.

On January 21, 2020, the Defendants removed the suit to federal court on the basis of federal question jurisdiction, 28 U.S.C. § 1331, based on preemption of Plaintiff's claims against UPS under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185 ("LMRA").

Wright's complaint was amended on February 26, 2020, to clarify and specify additional facts to support her theories of law, to add an additional state law claim, and to join another party as defendant, Clay Burroughs.

Two of the Defendants, Chris Dickens and Keith McCarty, previously filed Motions to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted [Doc. Nos. 14 & 21]. On April 2, 2020, Magistrate Judge Karen L. Hayes recommended that their motions be granted [Doc. No. 28]. On April 17, 2020, the Magistrate Judge's Report and Recommendation was adopted and a judgment was signed dismissing both Chris Dickens and Keith McCarty. [Doc. No. 32].

On April 21, 2020, Wright filed a Voluntary Motion to Dismiss two other defendants, Clay Burroughs and Wilfred Edwards [Doc. No. 33]. On April 22, 2020, a Judgment was signed granting Wright's Voluntary Motion to Dismiss, dismissing these two Defendants.

Therefore, the only remaining Defendants in this case are UPS, Burns, and Small.[1] The allegations against Burns and Small are fraud, defamation, intentional infliction of emotional distress (hereafter "IIED") and tortious interference with a contract. Wright also alleges breach of contract and, alternatively, detrimental reliance, quantum meruit, and unjust enrichment against UPS.[2]

Wright alleges that Burns was her second-level supervisor during her employment in 2017 and discharged her from employment on October 6, 2017, because he did not have time to train her. Against Small, Wright alleges that he was her first-level supervisor and that he trained her

---

[1] UPS also has a pending Motion for Judgment on the Pleadings [Doc. No. 41].

[2] From the allegations of the petition and amended complaint, and according to Wright's memorandum in opposition, Wright is not making claims for breach of contract, detrimental reliance, quantum meruit, and unjust enrichment against Burns and Small. If Wright is maintaining a breach of contract claim against Small or Burns, she has failed to provide sufficient factual details to meet the standard for this cause of action. Burns and Small are not alleged to be parties to any contract with Wright. Additionally, she has pled no facts her claims of detrimental reliance, quantum meruit and unjust enrichment whatsoever. Thus, to the extent that Wright intended to assert such claims against Burns and Small, they would be subject to dismissal.

2

and kept her in Unloading longer than 10 days. Wright further alleged that both Burns and Small attended a post-discharge meeting and conducted an investigation which determined Wright did not work more than 30 days, resulting in Wright failing to become a union employee.

## II. LAW AND ANALYSIS

### A. Standard of Review

Under Federal Rule of Civil Procedure 12(c), either party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." FED.R.CIV.P. 12(c). The standard of review governing a motion for judgment on the pleadings is the same as the standard governing a Rule 12(b)(6) motion to dismiss. *Ackerson v. Bean Dredging, LLC*, 589 F.3d 196 (5th Cir. 2009). Thus, the "'central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief.'" *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001) (quoting *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 440 n. 8 (5th Cir. 2000)). As with a Rule 12(b)(6) motion to dismiss, the Court must limit its review to the pleadings and generally "accept[s] all allegations contained therein as true." *Id.* A claim should therefore be dismissed when the language of the complaint, on its face, fails to demonstrate plausibility for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The Court must not "assume the truth of conclusory statements, but rather look for facts which support the elements" of the claims alleged. *Paul v. Williams*, No. 18-646-RLB, 2019 WL 1546947, at *3 (M.D. La. Apr. 9, 2019) (citing *Twombly*, 550 U.S. at 557). "While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of its 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

### B. Fraud

To establish a cause of action for fraud under Louisiana law, a plaintiff must prove "a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other." LA.CIV.CODE art. 1953; *see also Guidry v. Tobacco Co., Inc.,* 188 F.3d 619 (5th Cir. 1999). Wright has not alleged Burns or Small made a misrepresentation to her upon which she reasonably relied. Wright further alleges that the fraud "was based upon a breach of the fiduciary duty to act in good faith and loyalty," but Wright has failed to allege sufficient facts that either Burns or Small was a fiduciary to her. *See Landry v. PosiGen, Inc.*, No. 17-8444, 2018 WL 806227, at *7 (E.D. La. Feb. 8, 2018) (employer does not normally owe a fiduciary duty to its employees).

Further, Rule 9(b) requires fraud be plead with particularity. FED.R.CIV.P. 9(b). The Fifth Circuit has interpreted Rule 9(b) to require a plaintiff "to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Herrmann Holdings Ltd. v. Lucent Technologies, Inc.,* 302 F.3d 552, 564-65 (5th Cir. 2002). Wright's allegations regarding Burns and Small fail to provide the necessary facts to meet any of the elements of these this claim. The amended complaint does not set forth any facts to show Burns or Small made any misrepresentations of material fact to Wright that she reasonably relied upon. Wright has always maintained she earned more than 30 working days as required to be covered by the CBA. Therefore, Wright's fraud claims against Burns and Small should be dismissed.

### C. IIED

To establish a cause of action for IIED under Louisiana law, a plaintiff must prove the following three elements: "(1) that the conduct of defendant was extreme and outrageous; (2) that

4

the emotional distress suffered by the plaintiff was severe; and (3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct." *White v. Monsanto Co*. 585 So.2d 1205, 1209-10 (La. 1991). Conduct which is merely tortious or illegal does not rise to the level of being extreme and outrageous for purposes of IIED. *Schmidt v. Cal-Dive Int'l* 240 F. Supp. 3d 542 (W.D. La. 2017); *see also White*, 585 So.2d at 1209. Wright's allegations, however, fail to allege sufficient facts showing that the alleged behavior of Burns and Small was "extreme and outrageous" or that either of them "knew that severe emotional distress would be certain or substantially certain." The allegations made by Wright against Burns and Small do not rise to that level. Accordingly, Wright's IIED claims against Burns and Small should also be dismissed.

  **D. Defamation**

As to Wright's defamation claim, her allegation that "Plaintiff's name, character and reputation have suffered as a result of UPS' actions in essentially branding her as a liar," meets none of the elements of defamation. To establish a cause of action for defamation under Louisiana law, a plaintiff must prove the following four elements: (1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault (negligence or greater) on the part of the publisher; and (4) resulting injury. *Kennedy v. Sheriff of E. Baton Rouge*, 935 So.2d 669, 674 (La. 2006). A plaintiff is required to "name the individual offenders and allege separate acts of defamation as to each, including specific defamatory remarks. *Clulee v. St. Pierre*, 142 So. 3d 83, 86-87 (La. App. 5th Cir. 2014). To the extent her claims involve "statements between employees, made within the course and scope of their employment, [such] are not statements communicated or publicized to third persons as to constitute a publication." *Doe v. Grant*, 839 So. 2d 408, 416 (La. App. 4th Cir. 2001). Additionally, Wright did not specify any

5

specific defamatory statement made by Burns or Small to a third-party. Accordingly, Wright's defamation claims against Burns and Small should also be dismissed with prejudice.

### E. Tortious Interference with a Contract

Louisiana law does not support a tortious interference with a contract claim against employees who are not corporate officers. *9 to 5 Fashions, Inc. v. Spurney*, 538 So.2d 228 (La. 1989)*; see also Junior Money Bags, Ltd. v. Segal*, 970 F.2d 1, 5, n.2 (5th Cir. 1992). The Louisiana Supreme Court has adopted a very narrow cause of action for tortious interference with contracts. *American Waste & Pollution Control Co. v. Browning-Ferris, Inc.* 949 F.2d 1384 (5th Cir. 1991). Wright has not alleged that either Small or Burns are "corporate officers." Therefore, Wright has failed to state a tortious interference with a contract claim against Burns or Small, and so these claims should also be dismissed with prejudice.

### F. Prescription

In addition, Burns and Small have alleged that all the claims made by Wright against both of them have prescribed in accordance with LA. CIVIL CODE article 3492. Said article requires tort actions be brought within one year the injury or damage is sustained. Louisiana's one-year prescriptive period applies to intentional infliction of emotional distress, defamation and fraud claims. *Brown v. New York Life Ins. Co.* 2019 WL 2296177 (W.D. La. May 28, 2019); and *Riggs v. DXP Enterprises, Inc.* 2019 WL 5682114 (W.D. La. October 31, 2019).

In this case, Wright alleges she was discharged from her employment at UPS on October 6, 2017. She filed her lawsuit in the Fourth Judicial District Court, Parish of Ouachita on December 27, 2019, over twenty-six months from the date of her discharge.

Wright argues in her opposition that, although the petition was filed more than one year after her firing, that the time period was suspended based on the legal theory of "*contra non*

*valentum.*" *Contra non valentem* applies when the cause of action is neither known or reasonably knowable by the plaintiff. *Contra non valentem* will not exempt the plaintiff's claim if the plaintiff's ignorance is attributable to his own willfulness or neglect. A plaintiff will be deemed to know what he could by reasonable diligence have learned. *See Encompass Office Solutions, Inc. v. La. Health Svc. & Indemnity Company* 919 F.3d 266 (5th Cir. 2019).

Wright alleged from the very beginning that she had worked over thirty days and was therefore a member of the union. She knew that UPS and the other Defendants claimed that she did not work more than thirty days. Prescription was not suspended until Wright obtained copies of her records in September and October 2019 because Wright was already aware the Defendants said she did not work more than 30 days. All of the allegations made by Wright in her amended complaint were "reasonably knowable" and Wright would have known of any purported cause of actions as of that date. Therefore, this Court finds that the doctrine of *contra non valentem* is not applicable, and the tort claims made by Wright against Burns and Small have prescribed**.**

### G. Civil Conspiracy

Finally, to the extent that Wright attempts to assert a civil conspiracy claim against Burns and Small, civil conspiracy is not an actionable tort. *See Ross v. Conoco, Inc.*, 828 So. 2d 546, 552 (La. 2002). Instead, liability is imposed via the underlying unlawful act. Thus, to impose liability for a civil conspiracy, plaintiff must prove "(1) an agreement existed with one or more person to commit an illegal or tortious act; (2) the act was actually committed; (3) the act resulted in plaintiff's injury; and (4) there was an agreement as to the intended outcome or result." *Doe v. McKesson*, 945 F.3d 818, 826 (5th Cir. 2019) (citing *Crutcher-Tufts Res., Inc. v. Tufts*, 992 So. 2d 1091, 1094 (La. App. 4th Cir. 2008)).

In this case, Wright has failed to allege sufficient facts to assert a viable underlying cause of action/actionable tort against these individual Defendants. Therefore, there is no claim for civil conspiracy either. To the extent that Wright attempted to assert civil conspiracy claims against Burns and Small, those claims must also be dismissed.

### III. CONCLUSION

For the above and foregoing reasons, the Motion for Judgment on the Pleadings [Doc. No. 36] filed by Burns and is GRANTED, and Wright's claims against them are DISMISSED, WITH PREJUDICE.

MONROE, LOUISIANA this 3rd day of August, 2020.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE