UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **FREDRICKA WRIGHT** | **CIVIL ACTION NO: 3:20-cv-00098** |
| **VERSUS** | **DISTRICT JUDGE TERRY A. DOUGHTY** |
| **UNITED PARCEL SERVICE, INC. (OHIO), ET AL** | **MAGISTRATE JUDGE KAREN HAYES** |

**RULING**

Before the Court is a Motion for Judgment on the Pleadings [Doc. No. 41] filed by Defendant United Parcel Service, Inc. (Ohio) ("UPS"). A Memorandum in Opposition [Doc. No. 47] by Plaintiff Fredricka Wright ("Wright") was filed on August 4, 2020. A Reply [Doc. No. 50] was filed by UPS on August 18, 2020. For the reasons set forth herein, UPS' Motion for Judgment on the Pleadings is GRANTED IN PART and DENIED IN PART.

Also, before the Court is Wright's Motion for Leave to Conduct Discovery and Motion to Stay Ruling on Motion for Judgment on the Pleadings [Doc. No. 51]. For the reasons set forth herein, said Motions are DENIED.

**I.      BACKGROUND**

On December 27, 2019, Wright filed the instant Petition for Damages in the Fourth Judicial District Court, Ouachita Parish, Louisiana, against UPS, and several UPS employees, Tyler Burns, Edward Small, Wilford Edwards, Chris Dickens, and Keith McCarty. The basic allegations against all of the Defendants were that Wright worked for more than thirty days and therefore became a union member subject to the terms of a collective bargaining agreement. Wright alleged that all of the Defendants committed various tortious actions to prohibit her from becoming a union member, which would have allowed her to gain seniority.

On January 21, 2020, the Defendants removed the suit to federal court on the basis of federal question jurisdiction, 28 U.S.C. § 1331, based on preemption of Plaintiff's claims against UPS under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185 ("LMRA").

Wright's complaint was amended on February 26, 2020, to clarify and specify additional facts to support her theories of law, to add an additional state law claim, and to join another party as defendant, Clay Burroughs.

Two of the Defendants, Chris Dickens and Keith McCarty, previously filed Motions to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted [Doc. Nos. 14 & 21]. On April 2, 2020, Magistrate Judge Karen L. Hayes recommended that their motions be granted [Doc. No. 28]. On April 17, 2020, the Magistrate Judge's Report and Recommendation was adopted and a judgment was signed dismissing both Chris Dickens and Keith McCarty. [Doc. No. 32].

On April 21, 2020, Wright filed a Voluntary Motion to Dismiss two other defendants, Clay Burroughs and Wilfred Edwards [Doc. No. 33]. On April 22, 2020, a Judgment was signed granting Wright's Voluntary Motion to Dismiss, dismissing these two Defendants.

On April 22, 2020, a Motion for Judgment on the Pleadings [Doc. No. 36] was filed by Tyler Burns and Edward Small. On August 3, 2020, a Judgment [Doc. No. 46] was signed granting the Motion and dismissing Wright's claims against Burns and Small.

Therefore, the only remaining Defendant in this case is UPS. In her Amended Complaint, Wright alleges claims against UPS for fraud, defamation, intentional infliction of emotional distress (hereafter "IIED"), breach of contract, or alternatively detrimental reliance, quantum meruit, and unjust enrichment. Additionally, Wright also makes a claim against UPS for recovery of compensation allegedly owed for two half-days of training Wright performed before her August 22, 2017 start date.

## II. LAW AND ANALYSIS

### A. Standard of Review

Under Federal Rule of Civil Procedure 12(c), either party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." FED.R.CIV.P. 12(c). The standard of review governing a motion for judgment on the pleadings is the same as the standard governing a Rule 12(b)(6) motion to dismiss. *Ackerson v. Bean Dredging, LLC*, 589 F.3d 196 (5th Cir. 2009). Thus, the "'central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief.'" *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001) (quoting *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425 440 n. 8 (5th Cir. 2000)). As with a Rule 12(b)(6) motion to dismiss, the Court must limit its review to the pleadings and generally "accept[s] all allegations contained therein as true." *Id.* A claim should therefore be dismissed when the language of the complaint, on its face, fails to demonstrate plausibility for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The Court must not "assume the truth of conclusory statements, but rather look for facts which support the elements" of the claims alleged. *Paul v. Williams*, No. 18-646-RLB, 2019 WL 1546947, at *3 (M.D. La. Apr. 9, 2019) (citing *Twombly*, 550 U.S. at 557). "While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of its 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

### B. Fraud

Wright alleges a claim of fraud against UPS based upon a breach of a fiduciary duty to act in good faith and loyalty. Wright alleges that UPS misrepresented and suppressed the truth and failed to maintain and disclose certain records of Wright's employment. To establish a cause of

3

action for fraud under Louisiana law, a plaintiff must prove "a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other." LA.CIV.CODE art. 1953; *see also Guidry v. Tobacco Co., Inc.,* 188 F.3d 619 (5th Cir. 1999). Wright has not alleged UPS made a misrepresentation to her upon which she reasonably relied. Wright further alleges that the fraud "was based upon a breach of the fiduciary duty to act in good faith and loyalty," but Wright has failed to allege sufficient facts that UPS was a fiduciary to her. *See Landry v. PosiGen, Inc.*, No. 17-8444, 2018 WL 806227, at *7 (E.D. La. Feb. 8, 2018) (employer does not normally owe a fiduciary duty to its employees).

Further, Rule 9(b) requires fraud be plead with particularity. FED.R.CIV.P. 9(b). The Fifth Circuit has interpreted Rule 9(b) to require a plaintiff "to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Herrmann Holdings Ltd. v. Lucent Technologies, Inc.,* 302 F.3d 552, 564-65 (5th Cir. 2002). Wright's allegations regarding UPS fails to provide the necessary facts to meet any of the elements of these this claim. The amended complaint does not set forth any facts to show UPS made any misrepresentations of material fact to Wright that she reasonably relied upon. Wright has always maintained she earned more than 30 working days as required to be covered by the CBA. Therefore, Wright's fraud claims against UPS should be dismissed.

### C. IIED

Wright's Amended Complaint alleges UPS wrongfully determined that she did not complete the 30-day working period, which would have allowed her to gain seniority under the CBA-1. These allegations are not sufficient to support an IIED claim. To establish a cause of action for IIED under Louisiana law, a plaintiff must prove the following three elements: "(1) that the conduct of defendant was extreme and outrageous; (2) that the emotional distress suffered by

4

the plaintiff was severe; and (3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct." *White v. Monsanto Co*. 585 So.2d 1205, 1209-10 (La. 1991). Conduct which is merely tortious or illegal does not rise to the level of being extreme and outrageous for purposes of IIED. *Schmidt v. Cal-Dive Int'l* 240 F. Supp. 3d 542 (W.D. La. 2017); *see also White*, 585 So.2d at 1209. Wright's allegations, however, fail to allege sufficient facts showing that the alleged behavior of UPS was "extreme and outrageous" or that UPS "knew that severe emotional distress would be certain or substantially certain." The allegations made by Wright against UPS do not rise to that level. Accordingly, Wright's IIED claims against UPS should be dismissed.

    **D. Defamation**

As to Wright's defamation claim, her allegation that "Plaintiff's name, character and reputation have suffered as a result of UPS' actions in essentially branding her as a liar," meets none of the elements of defamation. To establish a cause of action for defamation under Louisiana law, a plaintiff must prove the following four elements: (1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault (negligence or greater) on the part of the publisher; and (4) resulting injury. *Kennedy v. Sheriff of E. Baton Rouge*, 935 So.2d 669, 674 (La. 2006). A plaintiff is required to "name the individual offenders and allege separate acts of defamation as to each, including specific defamatory remarks. *Clulee v. St. Pierre*, 142 So. 3d 83, 86-87 (La. App. 5th Cir. 2014). To the extent her claims involve "statements between employees, made within the course and scope of their employment, [such] are not statements communicated or publicized to third persons as to constitute a publication." *Doe v. Grant*, 839 So. 2d 408, 416 (La. App. 4th Cir. 2001). Additionally, Wright did not specify any

specific defamatory statement made by UPS to a third-party. Accordingly, Wright's defamation claims against UPS should also be dismissed with prejudice.

### E. Prescription

In addition UPS has alleged that all the claims made by Wright against both of them have prescribed in accordance with LA. CIVIL CODE article 3492. Said article requires tort actions be brought within one year the injury or damage is sustained. Louisiana's one-year prescriptive period applies to intentional infliction of emotional distress, defamation and fraud claims. *Brown v. New York Life Ins. Co.* 2019 WL 2296177 (W.D. La. May 28, 2019); and *Riggs v. DXP Enterprises, Inc.* 2019 WL 5682114 (W.D. La. October 31, 2019).

In this case, Wright alleges she was discharged from her employment at UPS on October 6, 2017. She filed her lawsuit in the Fourth Judicial District Court, Parish of Ouachita on December 27, 2019, over fourteen months from the date of her discharge.

Wright argues in her opposition that, although the petition was filed more than one year after her firing, that the time period was suspended based on the legal theory of "*contra non valentum.*" *Contra non valentem* applies when the cause of action is neither known or reasonably knowable by the plaintiff. *Contra non valentem* will not exempt the plaintiff's claim if the plaintiff's ignorance is attributable to his own willfulness or neglect. A plaintiff will be deemed to know what he could by reasonable diligence have learned. *See Encompass Office Solutions, Inc. v. La. Health Svc. & Indemnity Company* 919 F.3d 266 (5th Cir. 2019). In *Encompass*, the U.S. Fifth Circuit found *contra non valentem* applied where Blue Cross Blue Shield of Louisiana's disputed letter allegedly falsified Blue Cross' internal policies, which could not be discovered until later, despite diligent inquiry. That is not the case for Wright, since she was immediately aware UPS maintained Wright did not work more than 30 days.

Wright alleged from the very beginning that she had worked over thirty days and was therefore a member of the union. She knew that UPS and the other Defendants claimed that she did not work more than thirty days. Prescription was not suspended until Wright obtained copies of her records in September and October 2019 because Wright was already aware the Defendants said she did not work more than 30 days. All of the allegations made by Wright in her amended complaint were "reasonably knowable" and Wright would have known of any purported cause of actions as of that date. Therefore, this Court finds that the doctrine of *contra non valentem* is not applicable, and the tort claims made by Wright against UPS have prescribed**.**

### F. Civil Conspiracy

Finally, to the extent that Wright attempts to assert a civil conspiracy claim against UPS, civil conspiracy is not an actionable tort. *See Ross v. Conoco, Inc.*, 828 So. 2d 546, 552 (La. 2002). Instead, liability is imposed via the underlying unlawful act. Thus, to impose liability for a civil conspiracy, plaintiff must prove "(1) an agreement existed with one or more person to commit an illegal or tortious act; (2) the act was actually committed; (3) the act resulted in plaintiff's injury; and (4) there was an agreement as to the intended outcome or result." *Doe v. McKesson*, 945 F.3d 818, 826 (5th Cir. 2019) (citing *Crutcher-Tufts Res., Inc. v. Tufts*, 992 So. 2d 1091, 1094 (La. App. 4th Cir. 2008)).

In this case, Wright has failed to allege sufficient facts to assert a viable underlying cause of action/actionable tort against UPS. Therefore, there is also no claim for civil conspiracy. To the extent that Wright attempted to assert civil conspiracy claims against UPS, those claims must also be dismissed.

### G. Detrimental Reliance, Quantum Meruit, and Unjust Enrichment

In addition, Wright has made alternative claims of detrimental reliance, quantum meruit, and unjust enrichment against UPS. Wright has pled no facts to support those claims against UPS. Therefore, these claims are subject to dismissal.

### H. Preemption of Tort Claims

UPS has further alleged that Wright's tort claims against it are preempted by Section 301 of the Labor Management Relations Act ("LMRA"). This Court agrees. Wright alleges and UPS concedes that Wright's employment was covered by the CBA. Section 301 of the LMRA provides the exclusive jurisdiction and remedies for individual employees covered under a CBA. Preemption of such claims occur when they are either "inextricably intertwined" with the consideration of the terms of a CBA or when the application of state law requires interpretation of a CBA. *Thomas v. LTV Corp.* 39 F.3d 611 (5th Cir. 1994).

Wright's claims are based upon UPS' alleged violations of Articles 11 and 51 of the CBA. These claims are "inextricably intertwined" with consideration of the terms of the CBA and are preempted by the LMRA.

### I. Breach of Contract

Wright maintains UPS violated the Collective Bargaining Agreement, specifically Article 52. Wright maintains she was a member of the Union, that she worked more than 30 days and that it was required that she not be fired without just cause.

UPS maintains that Article 52 does not apply since Wright did not work in excess of 30 days and that she was entitled to be fired without any further recourse. UPS also maintains that since Wright failed to exhaust the CBA grievance and arbitration procedures, this claim must be dismissed whether or not Wright has seniority protection.

A suit for breach of a collective bargaining agreement is governed exclusively by Federal law under §301 of the LMRA. *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1 (1983). Additionally, before an employee can seek relief under §301 of the LMRA, that employee must first exhaust all available contractual remedies under the applicable CBA. *Republic Steel Corporation v. Maddox* 379 U.S. 650 (1965); and *Bache v. ATT* 840 F.2d 283 (5th Cir. 1988). Failure to do so requires dismissal of the claim.

Individual employees may bring a cause of action for breach of a collective bargaining agreement under §301 only when two conditions are met: (1) the employee must exhaust any available grievance or arbitration procedures provided by the collective bargaining agreement. *Del Costello v. International Blvd. of Teamsters* 462 U.S. 151 (1983); and (2) the employee must assert or show that the union breached its duty of fair representation. *Holmes v. Greyhound Lines, Inc.* 757 F.2d 1563 (5th Cir. 1985).

The primary argument of Wright's breach of contract claim is Wright's allegation that she had, in fact, completed her probationary period provided under Article 46 of the CBA at the time of her discharge, and, that she was thus entitled to seniority in the "just cause" discharge protections of the CBA under Article 52. However, under either theory (seniority or non-seniority), UPS is still entitled to have this claim dismissed. If Wright had seniority, by failing to even attempt to use the grievance process, Wright's claims is subject to dismissal. *Parham v. Carrier Corp.* 9 F.3d 383 (5th Cir. 1993).

Additionally, Wright's claim fails because she failed to allege that the Union breached her duty of fair representation. *Del Costello v. International Blvd. of Teamsters* 462 U.S. 151 (1983). This failure is fatal to Wright's claim.

If Wright did not have seniority, Article 46 allows her to be dismissed without further recourse. If she did have seniority, as alleged, Wright's failure to exhaust grievance and arbitration procedures and her failure to assert or show that the Union breached its duty of fair representation is fatal. Therefore, this contractual claim should be dismissed against UPS.

**J. Pay Claim**

In this claim, Wright alleges that she was not paid for the two half-days of training that she received with UPS.

UPS maintains that judgment on the pleadings is warranted in UPS' favor since Wright failed to first make demand on UPS for payment. La. R.S. 23:632 does not specify the exact method in which the demand for payment must be made.

Paragraph 5 of the Amended Complaint alleges that Wright reviewed the alleged pay records produced by UPS and that Wright has never been compensated for the training days that she participated in prior to August 22, 2017. Therefore, the Motion for Judgment on the Pleadings should be DENIED as to this claim.

Although UPS provided deposition testimony in which Wright allegedly admitted that she was no longer claiming that she had not been paid, this Court cannot consider this in a motion for judgment on the pleadings.

**III. WRIGHT'S PENDING MOTIONS**

Wright filed on August 19, 2020, a Motion for Leave to Conduct Discovery and Motion to Stay Ruling on Motion for Judgment on the Pleadings [Doc. No. 51]. Since further discovery and a stay are not necessary for disposition of this claim, Wright's Motion for Leave to Conduct Discovery and Motion to Stay Ruling on Motion for Judgment on the Pleadings [Doc. No. 51] is DENIED.

**IV. CONCLUSION**

For the reasons stated herein, the Motion for Judgment on the Pleadings [Doc. No. 41] filed by UPS is GRANTED IN PART AND DENIED IN PART. All claims made by Wright for fraud, defamation, intentional infliction of emotional distress, breach of contract, detrimental alliance, quantum meruit and unjust enrichment are GRANTED and DISMISSED, WITH PREJUDICE, and, the claim for pay made by Wright in the Motion for Judgment on the Pleadings is DENIED.

Further, for the reasons stated herein, Wright's Motion for Leave to Conduct Discovery and Motion to Stay Ruling on Motion for Judgment on the Pleadings [Doc. No. 51] is DENIED.

MONROE, LOUISIANA this 24th day of August, 2020.

TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE